# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TYLER J. MULLINS, | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. CIV 15-235-RAW-KEW ) |
| JOE ALLBAUGH, DOC Interim Director, | ) ) ) ) |
| Respondent. | ) ) |

## OPINION AND ORDER

This action is before the court on the respondent's motion to dismiss petitioner's petition for a writ of habeas corpus as barred by the statute of limitations. Petitioner, an inmate in the custody of the Oklahoma Department of Corrections who is incarcerated at Davis Correctional Facility in Holdenville, Oklahoma, attacks his conviction in Pontotoc County District Court Case No. CF-2002-124 for First Degree Murder. He is represented by counsel in this action.

The respondent alleges the petition was filed beyond the one-year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act of 1996, codified at 28 U.S.C. § 2244(d) which provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The following dates are pertinent to the motion to dismiss:

| Date | Event |
|---|---|
| 01/22/2003 | Petitioner was sentenced pursuant to a blind plea of guilty in Pontotoc County District Court Case No. 2002-124 (Dkt. 9-1). |
| 02/24/2003 to 04/21/2003 | The district court denied Petitioner's untimely motion to withdraw his guilty plea, which was requested through a letter the judge (Dkt. 9-2, 9-3). |
| 04/21/2003 | Through counsel, Petitioner sought to dismiss the appeal of his guilty plea, because it was not properly perfected in Case No. C-2003-266 before the Oklahoma Court of Criminal Appeals (OCCA) (Dkt. 9-4). |
| 05/07/2003 | The OCCA granted Petitioner's motion to dismiss appeal in Case No. C-2003-266 (Dkt. 9-5). |
| 11/15/2013 | Through counsel, Petitioner sought an appeal out of time with an application for post-conviction relief in the district court (Dkt. 9-6).\ |
| 01/24/2014 | The district court denied Petitioner's request for an appeal out of time. The court's written Findings of Fact and Conclusions of Law was filed on March 5, 2014 (Dkt. 9-7). |
| 05/05/2014 | Through counsel, Petitioner appealed the denial of post-conviction relief to the OCCA in Case No. PC-2014-296 (Dkt. 9-8). |
| 06/26/2014 | The OCCA affirmed the denial of post-conviction relief (Dkt. 9-9). |
| 06/24/2015 | Through counsel, Petitioner filed this petition for a writ of habeas corpus (Dkt. 3). |

Petitioner alleges was aware of the ten-day time limit for filing a motion to withdraw his plea, but his defense counsel did not contact him at the Pontotoc County Jail regarding

2

withdrawal of the plea. Therefore, on January 23, 2003, the day after his sentencing, he wrote a letter to the trial judge, stating he wanted to withdraw his plea because defense counsel had not given him proper advice, and the case had not been defended or prepared properly. Petitioner placed the letter in an envelope addressed to the judge, placed a stamp on it, and set it in the bars for the jail staff to pick up and mail.

On January 31, 2003, nine days after sentencing, Petitioner was transported to the Lexington Assessment and Reception Center. His letter, however, did not arrive in the judge's chambers until February 5, 2003. It was postmarked February 3, 2003.

Although Petitioner's request to withdraw his plea was not filed within ten days, on February 24, 2003, the district court judge held a hearing on the matter with Petitioner represented by defense counsel. There allegedly was tension between Petitioner and defense counsel, and the judge allowed Petitioner essentially to represent himself with defense counsel in an advisory capacity. After an off-the-record conversation between Petitioner and defense counsel, they allegedly agreed that Petitioner had defenses to First Degree Murder.

Petitioner testified about how he tried to mail the letter from jail to request withdrawal of his plea. He also testified that he thought defense counsel had not adequately represented him, and he was not in the right state of mind to enter a guilty plea to capital murder. He had stated at the plea hearing that defense counsel was adequate because he was scared.

The State called defense counsel to testify at the hearing. She testified she had met with Petitioner five times and explained her investigation of the case. She also answered questions about whether her representation was adequate under Supreme Court case law. The judge then asked defense counsel whether Petitioner had any valid defenses to the charge, and counsel replied that Petitioner had a plausible defense, based upon a lesser-included jury instruction on Manslaughter.

At the conclusion of the hearing, Petitioner's motion to withdraw his plea was denied. The court found the plea had been knowing and voluntarily entered, and Petitioner had missed the ten-day deadline for filing the motion.

Petitioner attempted to appeal to the OCCA, but in light of his missing the ten-day deadline, appellate counsel filed a motion to dismiss for want of jurisdiction. On May 7, 2003, the OCCA granted the motion to dismiss the appeal.

Petitioner made other efforts over the years to retain counsel and pursue further remedies, and eventually his present attorney filed a post-conviction application on November 15, 2013. After a hearing before the district judge on January 24, 2014, the court concluded in written Findings and Conclusions filed on March 5, 2014, that Petitioner's efforts in writing a letter in jail were insufficient, and the application was denied. Petitioner appealed to the OCCA, and on June 26, 2014, the appellate court adopted the district court's finding and concluded Petitioner was not denied an appeal through no fault of his own.

Petitioner's conviction became final ten days after entry of his Judgment and Sentence, or on February 1, 2003. His statutory year began the next day on February 2, 2003. *See Harris v. Dinwiddie*, 642 F.3d 902, 907 n.6 (10th Cir. 2011). The one-year statutory time set forth by § 2244(d) ran from February 2, 2003, to February 2, 2004. Even if this court were to find that Petitioner's conviction became final on February 24, 2003, when the district court denied the motion to withdraw as untimely, the timeliness of his petition is not affected.

Petitioner did not file any proper applications for post-conviction relief or collateral review during his statutory year, so there is no statutory tolling under 28 U.S.C. § 2244(d)(2). His first post-conviction application filed on November 15, 2013, has no tolling effect, because it was filed after expiration of the statutory year. *See May v. Workman*, 339 F.3d 1236, 1237 (10th Cir. 2003) (citing 28 U.S.C. § 2244(d)(2)). Therefore, this habeas corpus petition, filed on June 24, 2015, is untimely.

Petitioner does not discuss the statute of limitations or tolling in his petition or his reply to the respondent's response to the petition. He does acknowledge that there is no "mailbox rule" for Oklahoma prisoners filing in the OCCA, *see Moore v. Gibson*, 27 P.3d 483 (Okla. Crim. App. 2001), but argues that he complied with the ten-day rule "to the best of his ability" by sending his letter from the jail. He also details the efforts Petitioner's

4

family made to hire counsel to challenge his conviction, but no court filings were made until 2013.

Equitable tolling of § 2244(d)(1)'s one-year statute of limitations is available "only in rare and exceptional circumstances." *York v. Galetka*, 314 F.3d 522, 527 (10th Cir. 2003). A petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (internal quotation marks omitted).

Petitioner's conviction became final in 2003, yet he waited until 2013 to seek post-conviction relief, and this habeas action was not initiated until 2015. He asserts his family hired at least four attorneys "to try to find a way out of the legal maze" (Dkt. 3 at 15). From 2003 to 2009, one of the attorneys, Gloyd McCoy, was supposed to be working on an appeal out of time. McCoy never filed any documents and was suspended from the practice of law on June 1, 2010 (Dkt. 3 at 15 n.1). Despite McCoy's failure to make legal filings, Petitioner must show he acted with reasonable diligence in pursuing his habeas claims and complying with filing requirements, including the one-year limitations period. *See Law v. Jones*, No. 09-CV-805-TCK-PJC, 2001 WL 846872, slip op. at *5 (N.D. Okla. Mar. 8, 2011), *aff'd*, No. 11-5040, 433 Fed. Appx. 651, 2011 WL 3417111, at *5 (10th Cir. Aug. 5, 2011) (unpublished).

Petitioner claims that after learning of McCoy's deception, he began conducting legal research to prepare a post-conviction application. The court finds, however, that Petitioner "has provided no specificity regarding the alleged lack of access and the steps he took to diligently pursue his federal claims." *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir.), *cert. denied*, 525 U.S. 891 (1998). After careful review, the court finds there is no basis for equitable tolling.

The court further finds Petitioner has failed to make a "substantial showing of the denial of a constitutional right," as required by 28 U.S.C. § 2253(c)(2). In addition, he has

not shown "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether [this] court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Therefore, a certificate of appealability cannot be issued.

**ACCORDINGLY,** Respondent's motion to dismiss time barred petition (Dkt. 8) is GRANTED, and this action is, in all respects, DISMISSED. Furthermore, Petitioner is denied a certificate of appealability.

**IT IS SO ORDERED** this 15th day of March 2015.

**Dated this 15th day of March, 2016.**

Ronald A. White
United States District Judge
Eastern District of Oklahoma